IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MICHAEL IKELIONWU, | : |
| Plaintiff, | : Civil No. 06-625 (RBK) |
| v. | : **OPINION** |
| JOHN NASH, | : |
| Defendant. | : |

Presently before the Court is a motion by defendant John Nash ("Defendant") to dismiss the Complaint filed by Plaintiff Michael Ikelionwu ("Plaintiff"), seeking relief pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq.. For the reasons set forth below, this Court will deny Defendant's motion.

I.  BACKGROUND

Plaintiff, a prisoner, commenced this action in the Middle District of Pennsylvania on December 19, 2005. In the Complaint, Plaintiff alleged that certain property of his had been lost during his transfer from F.C.I. Fort Dix in New Jersey to F.C.I. Allenwood in Pennsylvania. Plaintiff concurrently filed an application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. On February 1, 2006, the Honorable John E. Jones III, United States District Judge for the Middle District of Pennsylvania, entered an Order transferring the case to this District. On February 28, 2006, this Court entered an Order allowing Plaintiff to proceed in

forma pauperis, without prepayment of the $250.00 filing fee.

On September 29, 2006, Defendant filed the motion presently before the Court. In this motion, Defendant alleges that on at least three prior occasions, Plaintiff had sought leave to proceed in forma pauperis and had subsequently had those actions or appeals dismissed as being frivolous or failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2). Subsequently, Defendant asserts that, pursuant to 28 U.S.C. § 1915(g), Plaintiff is barred from bringing this action in forma pauperis. Accordingly, Defendant asks this Court to dismiss the present action.

## II.  STANDARD FOR PROCEEDING IN FORMA PAUPERIS

A prisoner may bring an action in this Court without prepayment of the filing fee if he meets the criteria set forth in 28 U.S.C. § 1915 for proceeding in forma pauperis. However, this section further states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). If § 1915(g) applies, a prisoner must prepay the filing fee before his lawsuit may commence. Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001).

## III.  ANALYSIS

In the present action, Defendant asserts that Plaintiff has had the requisite number of previous actions or appeals dismissed as frivolous, malicious, or failing to state a claim upon

which relief may be granted so as to be barred from bringing this action without prepayment of the filing fee. Defendant further asserts that as this action is brought alleging the loss of property, Plaintiff is not under imminent danger of serious physical injury.

While Plaintiff does not appear to refute these assertions, Plaintiff claims that he was not aware of the number of previous suits that were dismissed pursuant to 28 U.S.C. § 1915(e)(2), as he claims that the lost property forming the basis of the present action includes paperwork pertaining to his past legal actions.

Furthermore, this Court notes that after Plaintiff filed his opposition brief on this matter, the docket reflects that a payment of $250.00 was made on January 8, 2007. Therefore, as of that date, Plaintiff had paid the filing fee for this action in full.

While this Court agrees with Defendant's assertion that Plaintiff should not have been able to initially file this action without prepayment of the filing fee, the appropriate course of action upon such a finding by this Court is not an Order dismissing the action, but rather an Order rescinding Plaintiff's in forma pauperis status and requiring prompt payment of the filing fee. See, e.g., Ibrahim v. Kriebel, No. 04-1630, 174 Fed. Appx. 129 (3d Cir. Mar. 4, 2005) (approving of a district court ordering a plaintiff who had formerly been granted in forma pauperis status to pay the filing fee within 30 days). Accordingly, as Plaintiff has already paid the filing fee in this matter, this Court will order that Plaintiff's in forma pauperis status be rescinded. Moreover, this Court notes that Plaintiff has made partial payments of the filing fee in addition to the lump sum payment of $250.00 and has thus overpaid. Therefore, this Court will further order that the Clerk issue a refund of $33.59, the amount of the overpayment, to Plaintiff.

**IV.     CONCLUSION**

Based on the foregoing reasoning, this Court will deny Defendant's motion to dismiss. This Court will further order that Plaintiff's in forma pauperis status be rescinded, and that the Clerk issue a refund of $33.59 to Plaintiff for overpayment of the filing fee. The accompanying Order shall issue today.


Dated: April 2, 2007                              s/ Robert B. Kugler
                                                  ROBERT B. KUGLER
                                                  United States District Judge