# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |
|---|---|
| MICHAEL IKELIONWU, | : |
| Plaintiff, | : Civil No. 06-625 (RBK) |
| v. | : **OPINION** |
| JOHN NASH, | : |
| Defendant. | : |

**KUGLER**, United States District Judge:

Presently before the Court is a motion by Plaintiff Michael Ikelionwu ("Plaintiff") for summary judgment against Defendant John Nash ("Defendant") and for leave to amend his complaint, which seeks relief pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80.  Further before the Court is a cross-motion by Defendant to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2).  For the reasons set forth below, this Court will grant Plaintiff's motion for leave to file an amended complaint and deny Plaintiff's motion for summary judgment and Defendant's motion to dismiss.

I.      BACKGROUND

Plaintiff, a prisoner, filed a notice of claim with the Bureau of Prisons ("BOP") alleging that certain property of his had been lost during his transfer from F.C.I. Fort Dix in New Jersey to F.C.I. Allenwood in Pennsylvania.  The BOP offered to settle Plaintiff's claim by memorandum dated July 14, 2005.  The memorandum also notified Plaintiff that if he rejected the settlement

offer, he could sue the United States in U.S. District Court within six months. Plaintiff commenced this action against Defendant, the warden of F.C.I. Fort Dix, in the Middle District of Pennsylvania on December 19, 2005. On February 1, 2006, the Honorable John E. Jones III, U.S. District Judge for the Middle District of Pennsylvania, entered an Order transferring the case to this District. Initially, Plaintiff was granted in forma pauperis ("IFP") status; however, Defendant filed a motion to dismiss alleging Plaintiff was not entitled to proceed IFP due to his history of filing complaints that fail to state a claim. This Court agreed, revoking Plaintiff's IFP status, but denied the motion to dismiss because Plaintiff had subsequently paid the filing fee.

On June 22, 2007, Plaintiff filed his motion for summary judgment based on Defendant's alleged failure to defend against his lawsuit following the Court's denial of Defendant's motion to dismiss. Defendant responded, opposing Plaintiff's motion and cross-moving for dismissal for lack of subject matter jurisdiction. Later, Plaintiff filed a motion for leave to amend his complaint to add the United States as a defendant, which Defendant opposes.

II.   STANDARD OF REVIEW

Where a plaintiff has already amended his complaint or defendants have filed a responsive pleading, the plaintiff may further amend the complaint only with leave of the court. Fed. R. Civ. P. 15(a); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). Under Rule 15(a), such leave should be "freely given when justice so requires." Fed. R. Civ. P. 15(a); Foman v. Davis, 271 U.S. 178, 182 (1962) (instructing courts to permit amendments freely to afford plaintiffs the opportunity to test claims on the merits).

### III.  ANALYSIS

#### A.  Arguments of the Parties

Plaintiff moves for summary judgment because Defendant did not respond to his complaint for more than sixty days after the Court denied Defendant's prior motion to dismiss. Defendant maintains that he was not obligated to respond because Plaintiff has not effected service on the United States Attorney or the Attorney General of the United States pursuant to Federal Rule of Civil Procedure 4(m). In support of his cross-motion, Defendant argues that, in fact, this Court lacks jurisdiction over Plaintiff's claim because Plaintiff fails to name the United States as the defendant in accordance with the limited waiver of sovereign immunity in the FTCA.

Plaintiff did not formally respond to Defendant's opposition and cross-motion with a reply; however, Plaintiff filed a motion for leave to amend his complaint in which he addresses Defendant's opposition. Specifically, Plaintiff argues that the Court should not consider Defendant's motion because it was filed late and that Defendant did not have excusable neglect required for an enlargement of time under Rule 6(b)(2).[1] Plaintiff argues further that, being pro se, he did not realize that he needed to name the United States in his action and that he should be excused for the failure to properly effect service because he did everything in his control to

---

[1] Plaintiff argues that the Court should not consider Defendant's brief in opposition to Plaintiff's summary judgment motion and cross-motion because it was filed late and because Defendant did not have excusable neglect required for an enlargement of time under Rule 6(b)(2). Accompanying its opposition and cross-motion, Defendant wrote a letter explaining the reasons for the lateness. This Court will exercise its discretion to consider Defendant's opposition and cross-motion pursuant to Local Civil Rule 7.1(d)(5), even though it is untimely, because the delay was inadvertent and a one-time occurrence. See Player v. Motiva Enterprises LLC, No. Civ. 02-3216, 2006 WL 166452, at *3 (D.N.J. January 20, 2006) (Kugler, J.) (citing Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991)).

ensure that the United States Marshal for the District of New Jersey properly serve the summons and complaint.

In opposition to Plaintiff's request for leave to cure the jurisdictional deficiency of his complaint, Defendant contends that Plaintiff did in fact have notice that the United States was the proper party based on the statement provided to him in the BOP's response to his notice of claim. (See Def.'s Opp'n & Cross-Mot. Ex. 2.) In addition, Defendant argues that Plaintiff should not be permitted to amend his complaint because more than six months have elapsed since the BOP denied his claim and Plaintiff's cannot take advantage of the relation back provision of Rule 15(c), since service of the summons and complaint was never completed on the United States Attorney or Attorney General.

### B. Federal Tort Claims Act

The FTCA provides that

> the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). Thus, the only proper defendant in an FTCA claim is the United States. Pursuant to the FTCA, however, the United States may be substituted as a defendant for an employee in any common law tort action if the employee was acting within the scope of his or her employment. See 28 U.S.C. § 2679(d)(1). To effect this substitution, the Attorney General or U.S. Attorney files a certification that the defendant employee was acting within the scope of his employment at the time of the alleged incident. See 28 U.S.C. § 2679(d)(1); 28 C.F.R. §

15.1; 28 C.F.R. § 15.3 (delegating certification authority to the United States Attorneys); Melo v. Hafer, 13 F.3d 736, 747 (3d Cir. 1994). Upon such certification, the action shall be deemed an action against the United States, and the United States shall be substituted as a party defendant. See Melo, 13 F.3d at 747.

### i.     Plaintiff's Motion for Summary Judgment

Plaintiff's motion for summary judgment will be denied. Indeed, Plaintiff's motion for leave to amend anticipates the deficiency of his summary judgment motion. Defendant is not a proper defendant under the FTCA; thus, unless the United States is substituted pursuant to 28 U.S.C. § 2679(d)(1), Plaintiff's claim would fail for lack of jurisdiction. Because the U.S. Attorney was never served with the summons and complaint, it was under no obligation to answer. See Fed. R. Civ. P. 12(a)(1). Therefore, Plaintiff's motion for summary judgment will be denied.

### ii.    Plaintiff's Motion for Leave to Amend his Complaint

Under Federal Rule of Civil Procedure 15(a), amendments to pleadings are to be "freely given when justice so requires." The Third Circuit has shown a strong liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities. See Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990); Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989). The United States Supreme Court stated that amendments to pleadings should be granted under Rule 15(a) except in certain limited circumstances—"such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v.

Davis, 371 U.S. 178 (1962).

An amendment adding a claim against a party after the statute of limitations has expired is permitted if it satisfies the standards of Foman v. Davis and it relates back to the date of filing of the original complaint under Rule 15(c). Rule 15(c) provides:

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.
> (2) Notice to the United States. When the United States or a United States officer or agency is added as a defendant by amendment, the notice requirements of Rule 15(c)(1)(C)(i) and (ii) are satisfied if, during the stated period, process was delivered or mailed to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency.

Fed. R. Civ. P. 15(c).

In this case, Plaintiff satisfies the requirements of Rule 15(c). The amendment to Plaintiff's complaint will change the party against whom his claim is asserted. See Fed. R. Civ. P. 15(c)(1)(C). The amendment asserts a claim that arose out of the same conduct, transaction, or occurrence set out in Plaintiff's original complaint, thereby satisfying Rule 15(c)(1)(B). Plaintiff's complaint was filed on February 28, 2006 and Defendant waived service on April 10, 2006, within the 120 days permitted by Rule 4(m).

The question remaining, then, is whether within that same 120-day time period, the United States (1) received such notice of the action that it will not be prejudiced in defending on the merits; and (2) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.  See Fed. R. Civ. P. 15(c)(1)(C)(i)-(ii).  Rule 15(c)(2) indicates that when the party being substituted as a defendant is the United States, "the notice requirements of Rule 15(c)(1)(C)(i) and (ii) are satisfied if, during the stated period, process was delivered or mailed to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency."

Here, although the Clerk issued a summons directed at both Defendant and the United States, for an unknown reason, the United States was never served, despite Defendant following up on Plaintiff's initial efforts.  Defendant, however, waived service on April 10, 2006 and Assistant U.S. Attorney Dorothy Donnelly subsequently entered an appearance on his behalf.  Accordingly, the U.S. Attorney's Office had notice of Plaintiff's suit and will not be prejudiced by the delay in commencing its defense.  See Donaghy v. Roudebush, 614 F. Supp. 585, 587 (D.N.J. 1985) (citing Jordan v. United States, 694 F.2d 833 (D.C. Cir. 1982)) (finding possibility of error in service of summons and complaint on U.S. Attorney or Attorney General harmless where necessary persons within Government had actual notice of suit and suffered no prejudice from any technical defect in service).  Also, the U.S. Attorney's Office knew or should have known that the action would have been brought against the United States, but for a mistake concerning the proper party's identity.  Thus, the spirit of Rule 15(c)(2) has been satisfied, even if the letter has not been followed.

Furthermore, the Court will not foreclose Plaintiff's right to relief due to the Marshals

7

Services' failure to serve the United States. The relation back conditions are subject to equitable considerations. In <u>Bechtel v. Robinson</u>, 886 F.2d 644 (3d Cir. 1989), the Third Circuit held that a defendant, by virtue of misleading the plaintiff as to the proper party to sue, was equitably estopped from asserting he did not receive notice under Rule 15(c). There, the court examined the principles of equitable estoppel under Delaware law and found that they prevented the defendant from relying on the statute of limitations defense.

> While we recognize that "the statute of limitations is important to a defendant to protect it from the unfair surprise of a stale claim," in this case any surprise to [the defendant] is not "unfair." It was through [the defendant's] own conduct, by misleading the appellants as to the proper party to sue, that appellants were forced to bring a stale claim against him.

886 F.2d at 650.

While Defendant has not misled Plaintiff in this case, it is unclear why the U.S. Attorney has not certified substitution of the United States. There is no evidence that Defendant was not acting within the scope of his employment in carrying out the acts that are the subject of Plaintiff's suit, and Defendant has given no reason why such substitution would be inappropriate. Substitution is commonplace because it "implicate[s] the Government's interest in 'protect[ing] federal employees from the uncertain and intimidating task of defending suits that challenge conduct within the scope of their employ.'" See <u>Borawski v. Henderson</u>, 265 F. Supp. 2d 475, 480 (D.N.J. 2003) (citing <u>Schrob v. Catterson</u>, 967 F.2d 929, 936 (3d Cir. 1992)). In light of equitable considerations, the Court will not permit Defendant to win dismissal of Plaintiff's claim by declining to certify substitution due to a technical deficiency that does not appear to have been Plaintiff's fault.

In addition, at the time the summons issued, Plaintiff still had IFP status, so he had to use

8

the Marshals Service to serve copies of the complaint and summons.  Now that this Court has revoked Plaintiff's IFP status, he must see to it that a copy of the summons and amended complaint are served on the United States in accordance with Rule 4(I).

### ii.     Defendant's Cross-Motion to Dismiss

Because the Court will grant Plaintiff leave to amend his complaint to name the United States as a defendant in his action, the grounds for Defendant's motion to dismiss for lack of subject matter jurisdiction will no longer exist.  Consequently, Defendant's motion will be denied.

### IV.     CONCLUSION

Based on the foregoing reasoning, this Court will deny Plaintiff's motion for summary judgment, grant Plaintiff's motion for leave to file an amended complaint, and deny Defendant's motion to dismiss.  An accompanying Order shall issue today.


Dated: 3-19-08                                                    s/ Robert B. Kugler
                                                                           ROBERT B. KUGLER
                                                                           United States District Judge