(Not for Publication) (Docket Entry No. 46)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
:
MICHAEL IKELIONWU, :
 :
        Plaintiff, : Civil No. 06-625 (RBK)
 :
        v. : **OPINION**
 :
UNITED STATES OF AMERICA, :
 :
        Defendant. :
_____:

**KUGLER**, United States District Judge:

      Presently before the Court is a motion by Defendant United States of America ("Defendant") to dismiss Plaintiff Michael Ikelionwu's ("Plaintiff's") complaint for lack of subject matter jurisdiction. Because the United States has not waived sovereign immunity for this type of suit, this Court lacks jurisdiction over Plaintiff's claim. Therefore, the Court will grant Defendant's motion and dismiss Plaintiff's complaint.

**I.  BACKGROUND**

      Plaintiff alleges that prison officials lost his property when he was transferred from the Federal Correctional Institute in Fort Dix, New Jersey ("F.C.I. Fort Dix") to the Federal Correctional Institute in Allenwood in Pennsylvania ("F.C.I. Allenwood"). On February 8, 2005, Plaintiff filed an administrative tort claim with the Federal Bureau of Prisons. By memorandum dated July 14, 2005, the Bureau of Prisons offered to settle Plaintiff's claim for $150.00. The

1

memorandum stated that if Plaintiff chose not to accept this offer, he could sue the United States in the appropriate United States District Court.

On December 19, 2005, Plaintiff filed a complaint against John Nash, the warden at F.C.I. Fort Dix, in the District Court for the Middle District of Pennsylvania. The case was transferred to this Court on February 1, 2006. On August 10, 2007, Defendant Nash filed a motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction. In this motion, Defendant Nash stated that "[t]he United States has not waived sovereign immunity for suits under the Federal Tort Claims Act ["FTCA"], when suit is brought against its employees," but has waived sovereign immunity for suits under the FTCA when suit is brought against the United States. (Def.'s Br. at 3, 4.) In response to this motion, Plaintiff filed a motion to amend his complaint to add the United States as a defendant. This Court granted Plaintiff's motion to amend, and Plaintiff filed an amended complaint on March 27, 2008, naming the United States as the defendant.

Defendant now brings a second motion dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant argues that the United States has not waived sovereign immunity for the type of FTCA claim that Plaintiff has brought. Plaintiff opposes this motion, arguing that the United States waived its immunity (1) by stating in the Bureau of Prisons' settlement offer that if Plaintiff did not wish to accept the offer, he could sue the United States and (2) by stating in the previous motion to dismiss that the United States has waived immunity for suits in torts under the terms of the FTCA and that the United States was the proper defendant in this case.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a party may move for dismissal based on a lack of subject matter jurisdiction.  When a defendant challenges subject matter jurisdiction under Rule 12(b)(1), the plaintiff has the burden of persuasion.  Hedges v. United States, 404 F.3d 744, 750 (3d Cir.2005).  Furthermore, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir.1977).

## III. DISCUSSION

### A. Sovereign Immunity and the Federal Tort Claims Act

Pursuant to the doctrine of sovereign immunity, the United States may not be sued without the consent of Congress.  Block v. North Dakota, 461 U.S. 273, 287 (1983).  The FTCA, however, provides "a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment."  United States v. Orleans, 425 U.S. 807, 813 (1976).  The FTCA allows a suit to be brought against the United States for "injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b) (2006).  The FTCA, however, contains exceptions for certain types of claims, and where one of these exceptions applies, "the bar of sovereign immunity remains."  Dolan v. United States Postal Service, 546 U.S. 481, 485 (2006).

Defendant argues that the exception for "detention of goods" applies here.  This

exception provides that the waiver of sovereign immunity does not apply to "[a]ny claim arising in respect of the . . . detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." 28 U.S.C. § 2680(c) (2006). The Supreme Court recently held that this detention of goods exception applied, and thus barred suit against the United States, where a prisoner claimed that officers of the Federal Bureau of Prisons lost his property. Ali v. Fed. Bureau of Prisons, 128 S. Ct. 831, 834 (2008). The prisoner in Ali, like Plaintiff in this case, claimed that prison officials failed to deliver all of his belongings when he was transferred from one prison to another. Id. The Court held that Bureau of Prisons officers were "other law enforcement officer[s]" for purposes of § 2680(c), and therefore that the plaintiff's suit was barred by the doctrine of sovereign immunity. Id. at 841.

### B. Statements in Offer to Settle and Brief

Plaintiff claims that the United States waived its sovereign immunity through its statements in the Bureau of Prisons' offer to settle his administrative claim and in Defendant Nash's brief in support of the first motion to dismiss for lack of subject matter jurisdiction. Plaintiff's argument fails because only Congress can waive the United States' sovereign immunity. See Jaffe v. United States, 663 F.2d 1226, 1251 (3d Cir. 1981) ("[O]nly Congress can waive the Treasury Department's immunity."); see also Governor of Kansas v. Kempthorne, 516 F.3d 833, 844 (10th Cir. 2008) (stating that "neither courts nor government officials" can waive United States' sovereign immunity); Wagstaff v. U.S. Dep't of Educ., 509 F.3d 661, 664 (5th Cir. 2007) (rejecting plaintiff's argument that Department of Education waived sovereign immunity by "informing her that she had a right to bring suit in federal court").

## IV.  CONCLUSION

Based on the foregoing reasoning, Defendant's motion is granted and Plaintiff's complaint is dismissed.  An accompanying order will issue today.


Dated:  10-17-08                                                    /s/ Robert B. Kugler
                                                                   ROBERT B. KUGLER
                                                                   United States District Judge